The Atchison, Topeka & Santa Fé Railroad Co. v.
William Combs.

1. Negligence; *Erroneous Instruction.* In an action by C. against a rail-
road company for injuries caused through the negligence of the railroad
company, it is error for the court to give an instruction to the jury which
makes the conduct of the plaintiff the only condition upon which his
right of recovery depends, and which virtually says that if the plaintiff
was careful and prudent that he may recover, whether the defendant
was negligent or not.

2. ———— *Error.* Where C. sued a railroad company for only $57, and
did not at any time ask or obtain leave to amend, and did not amend,
his pleadings, *held,* that it was error for the court to render judgment in
favor of the plaintiff and against the defendant for $72 and costs.

*Error from Ford District Court.*

At the June Term, 1880, of the district court, *Combs* re-
covered a judgment against the *Railroad Company* for $72
and costs. The *Company* brings the case here. The opinion
states the facts.

*Ross Burns,* and *W. C. Campbell,* for plaintiff in error.

*T. S. Jones,* for defendant in error.

The opinion of the court was delivered by

Valentine, J.: This action was commenced before a jus-
tice of the peace of Ford county, by William Combs, against
the Atchison, Topeka & Santa Fé railroad company for $57
damages, alleged to have been caused by the railroad com-
pany to plaintiff's wagon, while the plaintiff was crossing
the railroad track on Bridge street in Dodge City, in said
county. After a trial in the justice's court and an appeal to
the district court, the case was again tried *de novo* in the dis-
trict court, where the plaintiff recovered a judgment against
the defendant for $72 and costs. The defendant now brings
the case to this court, and asks for a reversal of the judgment
of the court below, upon two grounds.

I. It claims that the court below committed material error in giving the following instruction to the jury:

"There is no question but that the damage was done to the wagon. The only question is, whether Combs in driving across there was guilty of negligence. If he was guilty of negligence, then whatever loss he sustained he must bear himself; if there was no negligence on his part, then the railroad company should be held accountable. The burden of proof is upon Combs to show you the amount of damages done, and that the damage was caused by the defendant. He had a right to cross that highway. The railroad cars had the same. One had no superior right over the other. Mr. Combs had a right, but he was obliged to take into consideration the manner in which the cars were moving; he was obliged to use every reasonable care — such as a reasonable man would use under like circumstances. If he used that, and his property was destroyed by the railroad, the railroad should pay for the damages done. If by reason of his carelessness the damage was done, then he cannot expect any one to pay him for it. You are to carefully consider the evidence in the case, and if you think this property was destroyed by the railroad company, and that it was not the fault of the plaintiff, then you will render judgment against the railroad company for whatever you find the amount of damages to be."

We think this instruction is erroneous. It makes the conduct of the plaintiff the only condition upon which his right of recovery depends. It virtually says that if the plaintiff was careful and prudent, that he may recover, whether the defendant was negligent or not. Under it the plaintiff would have a right to recover if he was sufficiently careful and prudent, although the railroad company was more careful and more prudent, and not guilty of the slightest negligence whatever. According to the evidence in this case, it is doubtful whether the railroad company was guilty of any negligence or not. From the evidence it does not appear that the railroad company was guilty of any more negligence than the plaintiff was. The injury was done at the end of a freight division, where trains are divided and made up; at a regular switching place, where switching is being almost constantly done; and the injury was done by cars connected with the

switch engine, and while the company was making up a train; and it is certainly doubtful whether any negligence on the part of the railroad company was shown.

II. The railroad company also claims that the court below erred in permitting the plaintiff below to recover a judgment for $72 and costs, although he sued for only $57, and did not at any time ask or obtain leave to amend, and did not amend, his bill of particulars.   We also think that this claim of the railroad company is correct.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.